Citation Nr: 1132145 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 06-31 853A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to an evaluation in excess of 20 percent for a left foot disability, excluding the period of September 2, 2009 through December 31, 2009.


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Peters, Associate Counsel

INTRODUCTION

The Veteran had active duty service from May 1992 to May 1997.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2006 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO), which denied an evaluation in excess of 10 percent for the Veteran's left foot disability. The Veteran timely appealed that issue.

The Veteran testified at a Board hearing before the undersigned Veterans Law Judge in May 2010; a transcript of that hearing is associated with the claims file.

During the pendency of the claim, the RO issued a June 2011 rating decision which increased the Veteran's left foot disability to 20 percent for the period of May 4, 2005 through September 1, 2009; a temporary total 100 percent evaluation from September 2, 2009 through December 31, 2009 under 38 C.F.R. § 4.30 for the period following surgery necessitating convalescence; and, then reassigned the 20 percent evaluation beginning January 1, 2010. The Board has recharacterized the issue on appeal in order to comport with the June 2011 rating decision.

This case was initially before the Board in July 2010, at which time it was remanded for further development. That development having been completed, it has been returned to the Board at this time for further appellate review. Unfortunately, the appeal is again REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.

The issue of a temporary total evaluation under 38 C.F.R. § 4.30 following left foot surgery has been raised by the record, but has not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over it, and it is referred to the AOJ for appropriate action. 



REMAND

The Veteran underwent a VA examination in August 2010; in that examination report, it was noted that the Veteran had underwent a left foot surgery in July 2010 and the surgical report was inserted in the VA examination report. The Veteran also submitted a July 2011 correspondence indicating that he has a July 2010 left foot surgical procedure at the Temple VA Medical Center and that those records should be obtained in support of his claim for increased evaluation. The Board notes that VA treatment records from July 2010 are of record, including one treatment note which was 11 days post-surgery. 

In light of the Veteran's noted surgical procedure and the potential for relevant VA treatment records being outstanding and not associated with the claims file, the Board finds that a remand is necessary in order to obtain any outstanding VA treatment records, including any surgical follow-up records from his latest surgical procedure in July 2010. See 38 U.S.C.A. § 5103A(c) (West 2002); see also Bell v. Derwinski, 2 Vet. App. 611 (1992) (VA medical records are in constructive possession of the agency, and must be obtained if the material could be determinative of the claim).

In addition, while the Board notes that the Veteran's VA examination was in August 2010, such occurred approximately one month after the Veteran had left foot surgery. Thus, on remand, the Board finds that a new VA examination should be afforded the Veteran in order to properly assess his current nature and severity of the Veteran's left foot disability. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007); see also Kowalski v. Nicholson, 19 Vet. App. 171, 179 (2005) (a VA examination must be based on an accurate factual premise). 

Accordingly, the case is REMANDED for the following action:

1. Obtain any relevant VA treatment records from the Austin, Texas and Temple VA Medical Centers, and any other VA medical facility that may have treated the Veteran, since June 2010 and associate those documents with the claims file.

2. Schedule the Veteran for a VA examination in order to determine the current nature and severity of his left foot disability. The claims folder must be made available to and be reviewed by the examiner in conjunction with the examination. All tests deemed necessary should be conducted, including x-rays, and the results should be reported in detail. 

Following review of the claims file and examination of the Veteran, the examiner should comment as to the range of motion, ankylosis, and any other symptomatology associated with the Veteran's left foot disability. Any additional limitation due to factors such as pain, weakness, fatigability, and incoordination should be noted, particularly with repetitive movement, and any such loss of motion should be expressed in degrees. 

Additionally, the examiner should comment on whether the Veteran's left foot has pes planus, pes cavus, or malunion or nonunion of the tarsal or metatarsal bones of the left foot. The examiner should also comment on whether the Veteran's symptomatology associated with his left foot disability is severe, moderately severe, or moderate in nature.

The examiner should also discuss the effect of the Veteran's left foot disability on his employment as an airport security officer, and if the Veteran is no longer employed, opine as to whether the Veteran is precluded from substantially gainful employment as a result of his left foot disability.

A rationale for all opinions expressed should be provided. If the examiner cannot respond without resorting to speculation, she/he should explain why a response would be speculative. 

3. Following the above development, the RO/AMC should review the claims file and readjudicate the Veteran's increased evaluation claim for his left foot disability. If the benefit sought on appeal remains denied, the Veteran and his representative should be furnished a supplemental statement of the case and given the opportunity to respond thereto before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



_________________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2010).